**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1933
_____

CHRISTOPHER L. ALSOP,

Appellant

v.

FEDERAL BUREAU OF PRISONS; UNITED STATES OF AMERICA; MD
LEONARD DANIEL; FNP/BC CATHERINE GORE; HEALTH SERVICES ADMI
BRET BROCIOUS; WARDEN D.K. WHITE; PA-C JOHN STOLTZ; RN LAUREN
HOFFORD; RN S. HAMILTON; DR. MICHAEL D. CARVAJAL; KEVIN
VINCENZES; R. HAYS; D. RUSSELL; DR. JOHN MANENTI, Regional Medical
Director for the Northeast Region; DR. ELIZABETE SANTOS-STAHL, Clinical
Director; HSA JAMES POTOPE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-17-cv-02307)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on November 1, 2022

Before:  AMBRO, KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion Filed: November 7, 2022)

_____

OPINION[*]
_____

**PER CURIAM**

Appellant Christopher Alsop, a prisoner proceeding pro se, appeals from the District Court's order granting summary judgment for defendants. We will affirm.

I.

In the operative fifth amended complaint,[1] Alsop asserted that medical staff and corrections officers at USP-Allenwood violated his constitutional rights.[2] The gravamen of his complaint was that prison officials delayed his access to vascular surgery for varicose veins in his legs in violation of the Eighth Amendment.[3] Defendants moved to dismiss some claims and moved for summary judgment on others. In a report and recommendation, the Magistrate Judge recommended entering judgment for defendants. The District Court overruled Alsop's objections to the report, adopted the report, and granted summary judgment for defendants. Alsop timely appealed.[4]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We write primarily for the benefit of the parties, who are familiar with the background of the case. A thorough summary of the background is available in the Magistrate Judge's Report and Recommendation.

[2] Alsop commenced this civil rights action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[3] In his complaint, Alsop sought damages and injunctive relief. He was released from prison in 2020, mooting his claims for injunctive relief.

[4] We have jurisdiction under 28 U.S.C. § 1291. We may affirm on any basis supported

2

II.

The parties agree that Alsop's varicose veins presented a serious medical need. The critical issue is whether Alsop demonstrated that the medical defendants acted with deliberate indifference in treating that condition. See Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). Deliberate indifference can be demonstrated by showing that prison medical staff intentionally denied or delayed access to medical care, intentionally interfered with treatment after it was prescribed, or delayed treatment for improper, non-medical reasons. See id. at 103-05; Pearson v. Prison Health Serv., 850 F.3d 526, 537 (3d Cir. 2017). However, prison authorities are "accorded considerable latitude in the diagnosis and treatment of prisoners," Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993), and "mere disagreement as to the proper medical treatment" does not give rise to a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

A. Eighth Amendment Claims Against Medical Defendants

Alsop contends that prison administrator Dr. Santos-Stahl acted with deliberate indifference in delaying his vascular surgery. The record demonstrates that, in January

---

by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011). We exercise plenary review over a District Court's decision to grant a motion to dismiss and over the grant of summary judgment. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to Alsop. See Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Summary judgment is warranted if defendants show "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

2017, Alsop was seen by non-party physician Dr. Oaks, who was unaffiliated with the prison. Dr. Oaks observed that Alsop complained of leg pain and swelling, determined that Alsop's conservative therapy (use of compression stockings) had failed, and recommended performing surgery on the varicose veins in both legs. ECF No. 158-1 at p. 516. Surgery was scheduled to take place in March 2017, but Dr. Santos-Stahl elected to continue the conservative treatment instead. Health Services Administrator (HSA) John Potope informed Alsop that the surgery was cancelled because it was an elective procedure. See ECF No. 138 at p. 13. Thereafter, Alsop did not complain of pain again until October 2017, when he told medical staff he was experiencing pain in his right ankle. In November 2017, Alsop's ankle gave out and he fell in the dining hall. Prison medical staff observed his ankle was swollen (but not fractured or misaligned) and prescribed him Duloxetine for pain. On May 12, 2018, Alsop slipped and fell in the rain. His only injury was an abrasion on the right knee, and he received an Acetaminophen prescription for pain. On May 17, 2018, he fell again but that fall was neither seen nor reported.[5] In June and July 2018, he received varicose vein surgery on both legs. Alsop contends that if the surgery had been performed when it was initially scheduled, he would not have fallen and injured himself. See C.A. No. 7 at p. 2.

Dr. Santos-Stahl's decision to pursue conservative treatment rather than follow Dr. Oaks's recommendation does not, without more, demonstrate that she acted with deliberate indifference. See Spruill, 372 F.3d at 235. Dr. Oaks described the vascular

---

[5] The next day, Alsop was examined by medical staff for injuries unrelated to the fall. An x-ray of his right shoulder and upper right arm presented as unremarkable.

surgery as a "routine" procedure, ECF No. 158-1 at p. 417, and did not provide a deadline for the procedure, indicating that the surgery was not urgent. Cf. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582-83 (3d Cir. 2003) (prison officials' failure to administer insulin to a pre-trial detainee despite a physician note stating he "must have insulin" indicated deliberate indifference). Alsop has not shown that when Dr. Santos-Stahl elected to pursue the conservative treatment, she had reasons to believe that Alsop faced substantial harm without the vascular surgery. See Farmer v. Brennan, 511 U.S. 825, 837 (1994) (deliberate indifference is shown when a prison official is aware of facts from which she can infer that a substantial risk of harm exists, and she also draws such an inference).[6] Nor did Alsop show that Dr. Santos-Stahl canceled the surgery for an improper non-medical reason. See Pearson, 850 F.3d at 537.

Next, Alsop argues that Nurse Practitioner Gore violated his Eighth Amendment rights by denying his requests for a wheelchair. See C.A. No. 7 at p. 4. On May 11, 2018, Alsop requested a wheelchair because it was difficult for him to traverse the prison hills. Gore responded that a wheelchair was not required but a meeting with Alsop's primary care physician would be scheduled. On May 14, 2018, Alsop requested a wheelchair after he fell in the rain the day before. Gore responded he needed to remain ambulatory to prevent blood clots. And, in June 2018, Alsop requested a wheelchair after he had received surgery on one of his legs. Gore responded that he had walked to the

---

[6] We note that Alsop's surgery appeared to be successful despite the delay. Dr. Oaks opined that there were no complications, and that the lingering leg pain was non-vascular. See ECF No. 158-1 at pp. 101-03.

5

clinic without difficulty. <u>See</u> ECF No. 158-1 at p. 38, 148, 162-63, 168-69. Alsop has provided no basis for second-guessing Gore's decisions, let alone concluding that Gore violated his Eighth Amendment rights. <u>See</u> <u>U.S. ex rel. Walker v. Fayette Cnty.</u>, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (per curiam).[7]

    B. <u>Eighth Amendment Claims Against Non-Medical Defendants</u>

Summary judgment for the non-medical defendants was also proper. Alsop contends that HSA Potope participated in the delay of his vascular surgery, that health technician Kevin Vincenzes failed to provide medication to Alsop despite his complaints of dizziness and headaches,[8] and that although Warden White knew Alsop suffered excruciating pain from traversing the hilly prison, he declined to transfer him to another prison. Non-medical defendants are not deliberately indifferent for failing to respond to medical complaints of a prisoner who is already being treated by a prison doctor. <u>See</u> <u>Durmer</u>, 991 F.2d at 69. Because the record establishes that Alsop regularly received treatment from prison medical staff, no reasonable trier of fact could find that these defendants violated his Eighth Amendment rights.

---

[7] We reject Alsop's argument that the District Court failed to consider his claim that Physician Assistant John Stoltz violated his Eighth Amendment rights. The Magistrate Judge indicated that Alsop had raised such a claim against Stoltz, determined there was no issue of material fact on the deliberate indifference issue, <u>see</u> ECF No. 170 at pp. 45-48, and the District Court adopted that recommendation, <u>see</u> ECF No. 193. Moreover, Stoltz's decision to deny Alsop a cane was grounded in professional judgment. Stolz observed that there was no clinical indication that Alsop needed a cane to traverse the prison. <u>See</u> ECF No. 158-1 at p. 390.

[8] As with defendant Stoltz, Alsop complains that the District Court failed to consider his claim against Vincenzes. Again, we disagree, for the same reasons. <u>See</u> supra n.7.

C. Retaliation and Excessive Force Claims Against Hays

Finally, Alsop argues that judgment for Correctional Officer Hays was improper. Alsop alleged that Hays used excessive force against him and confiscated his (unprescribed) medication in retaliation for complaining about his treatment in solitary confinement. These allegations are not a basis for relief under Bivens. See Egbert v. Boule, 142 S. Ct. 1793, 1805-06 (2022); Mack v. Yost, 968 F.3d 311, 317 (3d Cir. 2020).

We will affirm the judgment of the District Court.

7